IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JUAN VAZQUEZ ALOMAR

    Petitioner

    v.                                **CIVIL NO. 04-1363 (JAF)**

UNITED STATES OF AMERICA

    Respondent

## REPORT AND RECOMMENDATION

Petitioner brings the instant action under 28 U.S.C. § 2255 in an effort to have the Bureau of Prisons (BOP) grant him jail time credits to his sentence. He contends that counsel was ineffective by failing to inform the Court at sentencing that it should depart downward so as to award him such credit time.

Upon review of petitioner's Section 2255 motion (Docket No. 1), the Government's objection thereto (Docket No. 7), and petitioner's reply (Docket No. 9) the Court concludes that petitioner's request for habeas relief must be **DENIED**.

First, the petitioner's Section 2255 motion is barred by the AEDPA. In the underlying criminal case (Crim. No. 99-326 (JAF)), the unappealed judgment became final ten (10) days after March 14, 2001 (see Docket No. 152 in the criminal case). This case was, however, initiated on April 23, 2004, well after AEDPA's one year period. See Trenkler v. United States, 268 F. 3d 16, 19 (1st Cir. 2001).

Second, petitioner is now clearly seeking credit for jail time. To the extent he seeks the BOP to grant him credit for such time, he has failed to exhaust his administrative remedies. See 28 U.S.C. § 2241; United States v. Wilson, 503 U.S. 329, 334-35 (1992); United States v. Chappel, 208 F. 3d 1069, 1069-1070 (1st. Cir. 200). More so, even if petitioner indeed exhausts his administrative remedies, he must bring the action for review under § 2241 in the district where the petitioner is serving his sentence. See United States v. Glantz, 884 F. 2nd 1483, 1489 (1st Cir. 19889), cert. denied, 493 U.S. 1086 (1990).

**CIVIL NO. 04-1363 (JAF)**                                2

Finally, in his reply, petitioner raises a Blakely argument. This argument must be rejected as well, given that the Supreme Court has not extended Blakely to 2255 cases. See United States v. Booker, ___ U.S. ___, 125 S. Ct. 738 (2005).

**WHEREFORE**, petitioner's Section 2255 motion must be **DENIED**, without prejudice so that his claim of credit computation be brought in the proper court, once administrative remedies are exhausted.

Under the provisions of 28 U.S.C. § 636 and Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of the Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111(1986); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992).

**SO RECOMMENDED.**

In San Juan, Puerto Rico, this 6th day of April, 2005.

*S/ Gustavo A. Gelpi*

**GUSTAVO A. GELPI**
United States Magistrate-Judge

**CIVIL  NO.  04-1363 (JAF)**                                    3